864 F.2d 148
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
N/S CORPORATION, Plaintiff-Appellant,
v.
CARAVELLE INDUSTRIES, INC. and Caravelle Western Industries,
Inc., Defendants/Cross-Appellants.
 Nos. 87-1622, 88-1636.
 United States Court of Appeals, Federal Circuit.
 Nov. 4, 1988.
 
 Before MARKEY, Chief Judge, and FRIEDMAN and PAULINE NEWMAN, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 The judgment of the United States District Court for the District of Arizona, No. CIV. 85-711 TUC ACM, holding United States Patent No. 4,299,003 invalid under 35 U.S.C. Sec. 102(b), is affirmed with respect to claims 4, 5, 11, and 12. The judgment is reversed with respect to claims 1 through 3, 6 through 10, and 13, which claims were not at issue.
 
 
 2
 The judgment is affirmed as to the other issues raised by both N/S Corporation and by Caravelle.
 
 OPINION
 
 3
 The evidence of sale of the patented system before the critical date included two entries on a document produced by N/S for trial, showing a sale to National Car Rental, Daytona Beach, Florida, in June, 1976, and to the Government Services Administration in Phoenix, Arizona, in January, 1977. N/S's witness testified as to the correctness of the compilation. N/S now argues, based in part on evidence adduced after trial, that no weight should be placed on this document.
 
 
 4
 Accepting that there was contradictory evidence, it is the trial court's role to assess credibility of witnesses and authenticity and correctness of conflicting documents. No clear error in the district court's judgment has been shown.
 
 
 5
 There was fair notice to N/S that the issue of an on-sale bar would be pursued, for the Pretrial Order showed Contested Fact 5.3.3 as follows:
 
 
 6
 Ennis sold and installed vehicle washing systems incorporating the Asserted Claims of the Litigated Patent as early as 1976.
 
 
 7
 Even if this appeared to conflict with a stipulation in the same Order that N/S had made no pre-1978 sales, we are not persuaded that the district court abused its discretion in denying a new trial on the argument that N/S was surprised. The statements of Mr. Salmon and Mr. Van Sittert and the Daytona employees were not offered until after the district court's decision. Although N/S argues that Caravelle concealed its intention to rely on the data in the N/S compilation, N/S is chargeable with knowledge of the content of its own produced documents.
 
 
 8
 N/S argues that certain trial exhibits were deliberately eliminated from the official record, and refers to other asserted sharp practices. We have not been presented with sufficient basis to disturb the district court's order.
 
 
 9
 Caravelle argues that all the claims should be held invalid, whether or not at issue. The complaint placed only claims 4, 5, 11, and 12 at issue. There was no counter-claim placing any other claim, or any other patent, before the court. Their presumption of validity can not be overcome by inference. See 35 U.S.C. Sec. 282.
 
 
 10
 No error of fact or law has been shown in the district court's dismissal of Caravelle's Sherman Act claim. Further, we do not understand Caravelle's point that N/S should have appealed an issue that was decided in its favor.
 
 
 11
 The district court's refusal to award attorney fees to Caravelle under 35 U.S.C. Sec. 285, and the decision on costs, are within the trial court's discretion, and will not be disturbed absent abuse of that discretion. Caravelle has not met its appellate burdens on these issues, or on the several other points raised in its cross-appeal.